IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-55,850-02






EX PARTE ARTURO ELEAZAR DIAZ









ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
AND MOTION FOR STAY OF EXECUTION

FROM CAUSE NO. CR-1464-99-G IN THE 370TH DISTRICT COURT

HIDALGO COUNTY




 Per Curiam. Alcala, J., filed a concurring statement in which Cochran, J.,
joined. Price, J., filed a dissenting statement.


O R D E R



 This is a subsequent application for a writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5.

 In February 2000, a jury found applicant guilty of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at
death. This Court affirmed applicant's conviction and sentence on direct appeal. Diaz v.
State, No. AP-73,821 (Tex. Crim. App. Sept. 18, 2002)(not designated for publication). 
Applicant filed his initial post-conviction application for a writ of habeas corpus in the
convicting court on January 14, 2002. This Court denied applicant relief. Ex parte Diaz,
No. WR-55,850-01 (Tex. Crim. App. June 18, 2003)(not designated for publication). 
Applicant's first subsequent application was filed in the trial court on September 19,
2013.

 Applicant raises two claims in his subsequent writ application: that his trial
counsel failed to adequately advise him regarding the State's plea offer, and that trial
counsel failed to investigate and present mitigating evidence. He further asserts that his
initial habeas counsel was ineffective for failing to raise the issues in his initial writ
application. After reviewing the application, this Court has determined that applicant has
failed to meet the dictates of Article 11.071, § 5. Accordingly, we dismiss the application
as an abuse of the writ without considering the merits of the claims, and we deny
applicant's motion to stay his execution. 

 IT IS SO ORDERED THIS THE 23rd DAY OF SEPTEMBER, 2013.


Do Not Publish